## GEORGE ROBINSON, Plaintiff in Error,

### *vs.*

## THE STATE OF WISCONSIN, Defendant in Error.

#### ERROR TO MILWAUKEE CIRCUIT COURT.

Certificates of deposit purporting to be issued by the Wisconsin Marine and Fire Insurance Company, payable on demand to the bearer, are not bank bills, within the meaning of the statute providing punishment for uttering, &c., false and counterfeit bank bills.

*By the Court*, COLE, J.   The plaintiff in error was indicted at the February term of the circuit court for Milwaukee county, 1854, for uttering and tendering in payment as true, a certain false and counterfeit *bank bill* purporting to have been issued by the Wisconsin Marine and Fire Insurance Company. The indictment contained one count, and the counterfeit bank bill set forth therein reads as follows:

" *Wisconsin Marine and Fire Insurance Co.* This is to cer-" tify that L. Willard has deposited with this institution ten " dollars, which will be paid on demand to bearer.

" *Milwaukee*, June 9th, 1851.

"GEORGE SMITH, President,

"ALEX. MITCHELL, Sec'y."

A trial was held at the same term of court, and the prisoner found guilty.

A motion was made in arrest of judgment for the reason that there was a repugnancy in the indictment—the instrument described and set forth in the indictment not in fact being or purporting to be a bank bill. The motion was overruled, and the prisoner sentenced to imprisonment in the state prison for one year.

Although, owing to the default of the counsel having charge of this cause, it has not been moved on for hearing until the present term, and probably not until the prisoner has served out the term of his imprisonment in the state prison and been discharged, yet even now the case is submitted to us without argument, or any brief or points by the counsel for the plaintiff in error. We therefore take this occasion to observe, that the practice of submitting criminal cases in this court without argument, points or briefs, has become quite too common, and we do not feel like countenancing it much longer. If counsel deem a criminal case of sufficient importance to bring it to this court for the purpose of correcting some alleged error in the proceedings of the court below, it is certainly not too much to expect and require that he will furnish the court with some points, or some authorities upon which he relies to reverse the judgment or set aside the conviction. Considering the onerous and constantly increasing labors of the members of this court, it is indispensably necessary for a due and correct administration of justice, that the bar aid us somewhat in determining the law as well in criminal as in civil cases. In the present case we are of the opinion that the circuit court erred in overruling the motion in arrest of judgment. The indictment charged an offense under section 6, chap. 135, R. S., of feloniously uttering and tendering in payment as true, a counterfeit bank bill, with intent to defraud. But the instrument set forth and described in the indictment did not purport to be an ordinary bank bill, but a certificate of deposit. As a matter of fact we know very well that these certificates did circulate as, and perform very much the same office as as bank bills, but yet they cannot strictly and properly be called bank bills. The nature and legal character of certificates of deposit are essentially different from the nature and character of bank bills. The bills of a bank are intended to circulate as currency and to be the medium of exchange instead of gold and silver. The term bank bill conveys the same idea to every mind, and has a fixed, definite meaning. A certificate of deposit is an evidence of indebtedness on the

part of a bank, an acknowledgment of money received from the depositor, and payable to him, or his order, or, as in this case, to the bearer, and as such evidence of indebtedness may and frequently does circulate and perform much the same functions as a bank bill, still they are not one and the same thing. Ordinary promissory notes, bills of exchange, and checks, also to some extent perform the functions of bank bills, and yet are not to be confounded with them. There would have been no difficulty whatever under the statute, of framing an indictment for uttering and tendering in payment as true, a counterfeit and forged certificate of deposit of the company, with the intent to defraud. But the pleader showed upon the face of the indictment that the instrument forged and uttered was not a bank bill. The motion in arrest of judgment should therefore have been sustained.

See *Rex vs Brickett and Brady*, 1 R. & R., 250; *Rex vs Hunter*, Id., 510; East. P. C., 884.